# NO. 12-19-00308-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LONDEN JACOB BINDER,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Londen Jacob Binder pleaded "guilty" to arson. The trial court signed an order of deferred adjudication and placed Appellant on community supervision for ten years. The State subsequently filed a motion to adjudicate guilt. The trial court found Appellant "guilty" of arson and sentenced him to imprisonment for four years. Appellant filed a notice of appeal.

The clerk's record has been filed. The trial court's certification states that Appellant "waived the right of appeal at the time he was sentenced to probation." The certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d). The clerk's record contains a waiver of appeal signed by Appellant at the time he was placed on deferred adjudication community supervision and does not otherwise indicate the trial court gave Appellant permission to appeal. *See id.*

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record, the trial court's certification appears to accurately state that Appellant does not have the right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This Court must dismiss an appeal "if a certification that shows the

defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Because the trial court did not grant Appellant the right to appeal his conviction, we *dismiss* the appeal.

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-19-00308-CR**

**LONDEN JACOB BINDER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR17-00218)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*